Dismissed and Memorandum Opinion filed July 19, 2007








Dismissed
and Memorandum Opinion filed July 19, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00386-CR

____________

 

PATRICK FITZGERALD ALEX,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
178th District Court

Harris County, Texas

Trial Court Cause No. 1072982

 



 

M E M O R A N D U M   O P I N I O N








After a
jury trial, appellant was convicted of the offense of possession of a
controlled substance and was sentenced on March 22, 2007, to confinement for
seven years in the Institutional Division of the Texas Department of Criminal
Justice.  On the same date, appellant filed a notice of appeal.  On March 26,
2007, the trial court denied appellant=s motion for new trial.  On March 29,
2007, the trial court set aside its order of March 26, 2007, and rescinded the
denial of the motion for new trial.  A notation at the end of the March 22,
2007, judgment states that the trial court granted appellant=s motion for new trial on March 29,
2007.  Appellant subsequently entered a guilty plea to the offense of
possession of a controlled substance.  In accordance with the terms of a plea
bargain agreement with the State, the trial court entered an order on March 30,
2007, deferring adjudication, placing appellant on community supervision for 5
years, and assessing a fine of $250.  No notice of appeal from the March 30,
2007, order was filed.  We dismiss the appeal.

Because
the motion for new trial was granted, any appeal from the original March 22,
2007, judgment of conviction is moot.  Regarding the March 30, 2007, order of
deferred adjudication, the trial court entered a certification of the defendant=s right to appeal in which the court
certified that this is a plea bargain case, and the defendant has no right of
appeal.  See Tex. R. App. P. 25.2(a)(2). 
The trial court=s certification is included in the record on appeal.  See
Tex. R. App. P. 25.2(d).  The
record supports the trial court=s certification.  See Dears v. State, 154 S.W.3d 610,
615 (Tex. Crim. App. 2005).

Accordingly,
we dismiss the appeal.  

 

PER CURIAM

 

Judgment rendered and Memorandum Opinion filed July
19, 2007.

Panel consists of Justices Yates, Edelman, and
Seymore.

Do Not Publish C Tex. R. App. P.
47.2(b)